IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW YORK
EASTERN DIVISION

| | |
|---|---|
| **JOSE OAKLEY, DOUGLAS LEVY**, and **WILLIAM MYERS**,<br><br>Plaintiffs,<br><br>vs.<br><br>**SERVISAIR, LLC, DERICHBOURG MULTISERVICES,** and **MATT ELLINGSON, individually,**<br><br>Defendants. | Civil Action No.<br><br>**COLLECTIVE AND CLASS ACTION COMPLAINT**<br><br>**Jury Trial Demanded** |

## COLLECTIVE AND CLASS ACTION COMPLAINT

1. Plaintiffs JOSE OAKLEY, DOUGLAS LEVY, and WILLIAM MYERS, as well as an additional approximate 170 current Opt-in Plaintiffs throughout the United States, and on behalf of all other persons similarly situated, (collectively "Plaintiffs"), bring this Collective and Class Action Complaint, pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq*. ("FLSA"), the applicable statutory laws regarding the payment of overtime wages of the States of New York and Illinois (collectively "State Laws"), and Rule 23 of the Federal Rules of Civil Procedure, seeking all available relief.

## INTRODUCTION

2. Plaintiffs bring this lawsuit as a collective action under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq*. ("FLSA"), and as a class action, as set forth below, pursuant to Federal Rule of Civil Procedure 23 on behalf of themselves and all other persons similarly situated who suffered damages as a result of Defendants' violations of the

1

FLSA and the applicable statutory laws regarding the payment of overtime wages of the States of New York and Illinois (collectively "State Laws").

3. During the relevant time periods for the classes set forth below, Defendants willfully violated the FLSA and State Laws, by failing to pay Plaintiffs, opt in Plaintiffs, and all other similarly situated hourly non-exempt persons employed by Defendants in the United States as airport workers, included, but were not limited to fuelers, cargo employees, clean-up employees, de-icers, ramp agents, dispatchers, who have not been paid for all hours worked in excess of forty during each workweek.

4. By this Complaint, Plaintiffs seek compensatory, actual, and liquidated damages, as well as all other appropriate relief to which they are entitled.

## THE PARTIES

5. Plaintiff Jose Oakley works at La Guardia Airport, located in New York, as do approximately seventy (70) other opt-in Plaintiffs in this matter.

6. Plaintiff Douglas Levy works at Miami Airport, located in Miami, Florida, as do approximately fifty (50) other opt-in Plaintiffs.

7. Plaintiff William Myers works at O'Hare Airport, located in Chicago, Illinois, as do approximately fifty (50) other opt-in Plaintiffs.

8. SERVISAIR, LLC, (hereinafter referred to as "Servisair") is a wholly owned subsidiary of DERICHBOURG MULTISERVICES, (hereinafter referred to collectively as "Defendants") a public traded company on the London stock exchange under the symbol "DBG."

9. SERVISAIR, LLC, is a Texas corporation, which provides global aviation services working in 118 locations across the globe. Servisair is one of the world's largest providers of aviation ground services.

10. Defendant MATT ELLINGSON, is the Executive Vice President for Defendants' U.S. and Caribbean operations.

11. MATT ELLINGSON joined Servisair in 1986 and has served in several senior management roles within Servisair, advancing to the position of Executive Vice President in 2011. For at least the past several years, Defendant MATT ELLINGSON has had full responsibility over Servisair in the USA and the Caribbean.

12. Defendants' 2012 net consolidated income as reported on its February 18, 2013 Press Release, was $36,000,000.00.

13. Defendants current Market Capitalization is $532,640,000.

14. Defendants' provide airport services, of which Servisair employs over 15,000 airport workers, providing the following services: ground handling services; transit passenger services; technical services; cargo services; fuel services; and other airport services, including, but not limited to, lounges, transportation, assistance to low-mobility persons, terminal management, de-icing, and snow removal (hereinafter referred to as "airport departments").

15. Servisair is currently operating in over twenty (20) airports throughout the United States, including but not limited to: two airports in New York, JFK, and LGA; Boston, BOS; Chicago, ORD; Cleveland, CLE; three airports in Texas, DFW, HOU, and IAH; Denver, DEN; Des Moines, DSM; Detroit, DTW; Grand Rapids, GRR; two airports in California, LAS, and SFO; Los Angeles, LAX; Miami, MIA, Minneapolis, MSP; New Orleans, MSY; Philadelphia, PHL; and Phoenix, PHX.

16. Upon information and belief, Servisair employs over 5,000 non-exempt airport workers to (hereinafter referred to as "class") successfully run its United States operations.

17. The three named Plaintiffs are employees of Defendants' United States airport operations and work in New York, Miami, and Chicago, respectively. Additionally, there are over one hundred and seventy (170) other class members, current or past employees of Servisair in Florida, New York, Illinois, Massachusetts, and Texas, that have retained the law offices of Jaffe Glenn Law Group, P.A., to represent them in this matter.

18. The more than 170 current class members work, or have worked in the last six years, in all of the airport departments within Servisair and are all non-exempt, hourly employees, being cheated by Defendants in the same manner.

## JURISDICTION AND VENUE

19. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331, 1332, and 1367, and by 29 U.S.C. § 201, *et. seq*.

20. Additionally, this Court has original jurisdiction over Plaintiffs' State Law Claims under the Class Action Fairness Act ("CAFA"), 28 U.S.C. §1332(d). This is a putative class action whereby: (i) the proposed Rule 23 classes consists of at least 100 or more members; (ii) at least some of the members of the proposed Rule 23 classes, including but not limited to Plaintiffs, have a different citizenship from Defendants; and (iii) the claims of the proposed Rule 23 classes exceed $5,000,000.00 in the aggregate, exclusive of interest and costs.

21. Further, the Court has supplemental jurisdiction under 28 U.S.C. § 1367 over Plaintiffs' State Law claims because those claims derive from a common nucleus of operative facts.

22.   This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

23.   Venue is proper in the District of New York pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this district, and the Defendants are subject to personal jurisdiction in this district.

24.   At all times material hereto, Plaintiffs performed non-exempt duties for the Defendants in the borough of Queens, New York, within the jurisdiction and venue of this Court.

25.   Plaintiffs are individuals working and/or residing throughout the United States.

26.   At all times pertinent to this Complaint, the Defendants, SERVISAIR, LLC, and DERICHBOURG MULTISERVICES, were enterprises engaged in interstate commerce or in the production of interstate goods for commerce as defined by the Act, 29 U.S.C. §§ 203(r) and 203(s).

27.   Defendant, MATT ELLINGSON owns and/or operates Servisair, with its headquarters in Houston, Texas, and employs persons such as Plaintiffs, and other similarly situated Plaintiffs throughout the United States, to work on his behalf in providing labor for his business.  This Defendant is in the personal jurisdiction and venue of this Court.

28.   At all times material hereto, Defendant, MATT ELLINGSON managed, owned, and/or operated Servisair and regularly exercised the authority to hire and fire employees, determine the work schedule of employees, set the rate of pay of employees, and control the finances and operations of the business.  Additionally, Defendant MATT ELLINGSON played an integral part in the employment and set-up of the improper time keeping time system at issue.  ELLINGSON was also made aware of the improper time keeping systems of Servisair,

through several different channels, however, refused to change or alter the improper time keeping methods of Defendant, in spite of his ability, authority, and responsibility to do so. By virtue of such control and authority, MATT ELLINGSON was an employer of Plaintiffs, and all other similarly situated employees, as such term is defined by the Act, 29 U.S.C. 201, et seq.

29. Defendant MATT ELLINGSON directly or indirectly acted in the interest of an employer towards Plaintiffs and other similarly situated employees, at all material times, including without limitation, directly or indirectly controlling the terms of employment of Plaintiffs and other similarly situated employees.

30. These Defendants are within the personal jurisdiction and venue of this Court. Defendants directly or indirectly acted in the interest of an employer towards Plaintiffs and other similarly situated employees at all material times, including without limitation directly or indirectly controlling the terms of employment of Plaintiffs and other similarly situated employees.

## FACTS

31. Defendants maintain time records for all of its airport employees in all of the airport departments throughout the United States in the same manner.

32. Defendants utilize the "Kronos" time management system for its airport employees throughout the United States.

33. Kronos has thousands of customers in over 100 countries.

34. Kronos time management system allows Defendants to keep completely automated time and attendance solutions, and reduce labor costs by enforcing pay and work rules – consistently and accurately – across the United States in all of its airport locations.

35. In fact, the Kronos time management system allows its customers, like Defendants, to control labor costs with a consistent application of work and pay rules.

36. Kronos developed pay rules to help its clients minimize compliance risk by enforcing and tracking complex compliance requirements, such as FLSA and union rules.

37. However, Defendants intentionally changed the default settings set by the Kronos system to accomplish the exact opposite; Defendants created rules that automatically cheated its airport employees of time and in doing so violated the FLSA.

38. The Kronos system was developed to improve workforce productivity by reducing manual and timely administrative tasks and freeing Defendants' staff for more value-added activities. However, Defendants misused the Kronos time keeping system to set automatic rules that do in fact save administrative time in time keeping, but also improperly saves money by cheating its employees out of pay that they earned.

39. Although Defendants require all of its air services employees to clock in at the beginning and end of a shift, no airport employees are permitted to clock in and out for lunch.

40. Yet, time for lunch is automatically deducted from all employees, every day, unless an action is affirmatively taken to change the Kronos time for that individual employee, which is the exception and not the rule.

41. Defendants' Kronos rules automatically round off its airport employees' time, regularly stealing time from its employees. For example, when a refueler's shift starts at 8 am and he or she clocks in on Kronos at 7:40 am, works until 8:00 am, and continues to work through his or her entire shift, he or she will automatically not be paid for the time worked from 7:40 am through 8:00 am; the rules set by Defendants' executives automatically deduct the time worked by its employees prior to the scheduled shift time for that individual employee.

42. Additionally, executives of Defendants set up a scheme that will intentionally cheat their airport workers for work performed after the scheduled end of his or her shift. For example, if an airport employee continues to work after his or her shift end time, the worker is not paid for the time worked after the predetermined end shift time.

43. Notably, these rules set by Defendants, this "rounding off," only works to the benefit of Defendants. For example, when an airport worker arrives late to work, after his or her shift was scheduled to start, that time is deducted from the airport worker's paycheck. In other words, the Kronos rules have been changed so that the automatic default is set to only round off in favor of Defendants, regardless of the actual amount of time worked by its' airport employees.

44. All employees for all of Defendants' airport departments, all over the United States, use the same Kronos time keeping system, with the same improper rules set in motion by its executives, subject to the same rounding off, as well as an automatic deduction for time for lunch, regardless of whether the employee actually has time to take his or her lunch, effectively cheating thousands of employees out of overtime, every day, of every year.

45. Based upon the information preliminarily available, and subject to discovery in this cause, Defendants intentionally refused to properly compensate Plaintiffs, and those similarly situated Class and Collective Action Plaintiffs, for all overtime hours worked in a work week.

46. Defendants have engaged in this widespread pattern, policy, and practice of violating the FLSA, as described in this Class and Collective Action Complaint.

47. At all times material hereto, Plaintiffs and all similarly situated Class and Collective Action Plaintiffs were performing their duties for the benefit of and on behalf of Defendants.

48. This cause of action is brought to recover from Defendants overtime compensation, liquidated damages, and the costs and reasonable attorneys' fees, on behalf of Plaintiffs and all other current and former similarly situated Class and Collective Action Plaintiffs during the material time.

49. At all times pertinent to this complaint, Defendants failed to comply with Title 29 U.S.C. §§ 201-209, and State Laws, in that Plaintiffs and those similarly situated Class and Collective Action Plaintiffs performed services and labor for Defendants for which Defendants made provisions not to pay Plaintiffs and other similarly situated Class and Collective Action Plaintiffs compensation to which they were lawfully entitled for all of the hours worked in excess of forty (40) within a work week.

50. Plaintiffs have retained the law offices of Jaffe Glenn Law Group, P.A. to represent them and incurred attorneys' fees and costs in bringing this action.

## FLSA COLLECTIVE ACTION ALLEGATIONS

51. Since at least July 23, 2010, Defendants have willfully violated the FLSA by failing to Plaintiffs, and all other persons similarly situated one and one-half times their regular rate of pay for all hours worked in excess of forty hours per week.

52. This action is brought as a Collective Action on behalf of Plaintiffs and all other persons similarly situated, employed by Defendants between July 23, 2010 and the present, who worked more than forty hours in any workweek during the FLSA limitations period.

**CLASS ACTION ALLEGATIONS**

53. Plaintiffs bring claims pursuant to Federal Rule of Civil Procedure 23 individually and on behalf of the following nationwide class ("Class"):

54. All hourly non-exempt employees within the meaning of the FLSA, of Defendants at any of its operations located at any airport located in the United States, who have not been paid for all overtime hours worked.

55. Plaintiffs sue on their own behalf and on behalf of a class of persons under Rules 23(a) and (b) of the Federal Rules of Civil Procedure.

56. The Plaintiffs and Class members bring their claims on behalf of all persons who were employed by Defendants at any time since July 23, 2010, to the entry of judgment in this case (the "Class Period").

57. The persons in the Class identified above are so numerous that joinder of all members is impracticable for purposes of Rule 23(a)(1) of the Federal Rules of Civil Procedure. Although the precise number of such persons is not known at this time, and the facts on which to calculate the number of such persons is within the sole control of Defendants, there are believed to be at least five thousand (5000) members of the Class during the Class period.

58. Additionally, since the class members work at over twenty (20) different airports throughout the United States from separate and distinct geographic locations within each airport location, which include, but are not limited to, ground handling services; transit passenger services; technical services; cargo services; fuel services; and airport services, including, but not limited to, lounges, transportation, assistance to low-mobility persons,

10

terminal management, de-icing, and snow removal, joinder or bringing all class members before a court is impracticable.

59. The class is readily ascertainable through Defendants' employment records. Notice can be provided to Class members by publication of notice by internet, radio, newspapers and magazines.

60. There are questions of law and fact common to the Class for purposes of Rule of Civil Procedure 23(a)(2). Defendants' improper Kronos time keeping measures were applied uniformly to all Class members; all Class members were similarly affected by Defendants' improper time keeping measures; and the relief sought in this Class Action Complaint is similar for all Class members.

61. Plaintiffs claims are typical of the claims of the entire Class for purposes of Federal Rule of Civil Procedure 23(a)(3). Plaintiffs and all Class members are all employees of Defendants at airport locations throughout the United States, are non-exempt hourly employees of Defendants, and are being cheated by the same time keeping Kronos rules set in motion by Defendants' executives.

62. Plaintiffs will fairly and adequately represent and protect the interests of the other Class members for purposes of Federal Rule of Civil Procedure 23(a)(4). The Plaintiffs have no interests adverse to the interests of all Class members. The claims of Plaintiffs are typical of the claims of the Class and a class action is superior to all other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against a defendant.

63. Class Certification is appropriate under Federal Rule of Civil Procedure 23(b)(3) because common questions of law and fact substantially predominate over any questions that may affect only individual members of the Class. Among these common questions of law and fact are:

(a) whether Defendants' conduct was a violation of the FLSA;

(b) whether Defendants stole time from the Plaintiffs and the Class members using the same Kronos rules;

(c) whether the Kronos time management system as manipulated by Defendants cheated thousands of class members each and every day out of perhaps approximately one hour per day; the cumulative effect amounting to in excess of $50,000,000.00;

(d) whether Defendants systematically applied its rounding off rules to all Class members, regardless of their airport job title and/or duties, and regardless of the specific airport in the United States;

(e) whether members of the Class are entitled to liquidated damages based upon the willfulness of Defendants' conduct.

64. Plaintiffs are committed to pursuing this action and have retained competent counsel experienced in wage and hour law and class action litigation.

65. Proceeding as a class action provides substantial benefits to both parties and the Court because this is the most efficient method for the fair and efficient adjudication of this controversy.

66. The three named Plaintiffs, the approximate one hundred and seventy (170) current Plaintiffs, as well as the Class members have suffered and will suffer irreparable harm and damages as a result of Defendants' wrongful conduct.

67. Absent a representative class action, Class members might continue to suffer losses for which they would have no remedy, and Defendants would unjustly retain the proceeds of its ill-gotten gains.

68. Even if separate actions could be brought by individual members of the Class, the resulting multiplicity of lawsuits would cause undue hardship, burden and expense for the Court and the litigants, as well as a risk of inconsistent rulings which might be dispositive of the interests of the other Class members who are not parties to the adjudications and/or may substantially impeded their ability to protect their interests.

69. Plaintiffs know of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a class action.

## COUNT I
## RECOVERY OF OVERTIME COMPENSATION
## PURSUANT TO THE FLSA

70. Plaintiff re-alleges, and incorporates here by reference, all allegations contained in Paragraphs 1 through 69 above.

71. Plaintiffs are entitled to be paid time and one-half of their regular rate of pay for each overtime hour worked per work period.

72. All similarly situated employees of Defendants are similarly owed their overtime rate for each overtime hour they worked and were not properly paid.

73. Defendants knowingly and willfully failed/refused to pay Plaintiffs and the other similarly situated to them at time and one half of their regular rate of pay for their overtime hours worked in a work period.

74. By reason of the said intentional, willful, and unlawful acts of Defendants, Plaintiffs and those similarly employees have suffered damages plus incurring costs and reasonable attorneys' fees.

75. As a result of Defendant's willful violations of the Act, Plaintiffs and those similarly situated employees are entitled to liquidated damages.

## COUNT II
## RECOVERY OF OVERTIME COMPENSATION
## PURSUANT TO THE NYLL

76. Plaintiffs re-allege and incorporate herein by reference, all allegations contained in Paragraphs 1 through 75 above.

77. At all relevant times, Plaintiffs and others similarly situated were employed by the Defendants within the meaning of the New York Labor Law, §§ 2 and 651.

78. Defendants willfully violated Plaintiffs and other similarly situated employees' rights by failing to pay them overtime compensation at the statutory rate of pay for each hour worked in excess of forty (40) hours in a workweek.

79. Defendants willfully violated Plaintiffs and other similarly situated employees' rights by failing to pay Plaintiffs' wages in the lawful amount for all hours worked.

80. Defendants knowingly and willfully operated its business with a policy of not providing proper wage statements as required under the New York Labor Law. Defendants are required to provide itemized listings of deductions taken on each wage statement. In addition, Defendants failed to provide proper notice to employees, including hour and overtime rates,

among others, at the beginning of employment and annually thereafter pursuant to the requirements of the New York Labor Law.

81. Due to Defendants' New York Labor Law violations, Plaintiffs and other similarly situated employees are entitled to recover from Defendants unpaid overtime, damages for unreasonably delayed payments, reasonable attorneys' fees, liquidated damages, statutory penalties and costs and disbursements of the action, pursuant to New York Labor Law.

## COUNT III
## RECOVERY OF OVERTIME COMPENSATION
## PURSUANT TO THE IMWL

82. Plaintiffs re-allege and incorporate here by reference, all allegations contained in Paragraphs 1 through 81 above.

83. At all relevant times, Plaintiffs were employed by the Defendants within the meaning of the Illinois Minimum Wage Law, 820 ILCS 105/1 et seq ("IMWL").

84. Defendants willfully violated Plaintiffs' and other similarly situated employees' rights by failing to pay them overtime compensation at the statutory rate of pay for each hour worked in excess of forty (40) hours in a workweek.

85. Defendants willfully violated Plaintiffs and other similarly situated employees' rights by failing to pay Plaintiffs and other similarly situated employees' wages in the lawful amount for all hours worked.

86. Due to Defendants' IMWL violations, Plaintiffs and similarly situated employees are entitled to recover from Defendants unpaid overtime, damages for unreasonably delayed payments, reasonable attorneys' fees, liquidated damages, statutory penalties and costs and disbursements of the action, pursuant to IMWL.

## JURY DEMAND

87. Plaintiffs demand a jury trial.

WHEREFORE, Plaintiffs, JOSE OAKLEY, DOUGLAS LEVY, and WILLIAM MYERS, the additional approximately 170 other current Opt-in Plaintiffs, and those similarly situated to them who have or will become part of this class action, demand judgment, against Defendants, SERVISAIR, LLC, DERICHBOURG MULTISERVICES, and MATT ELLINGSON, individually, for the payment of compensation for all overtime hours at one and one-half their regular rate of pay due them for the hours worked by them for which they have not been properly compensated, liquidated damages, reasonable attorneys' fees and costs of suit, and for all other appropriate relief.

Dated: July 23, 2013                                  Respectfully submitted,

s/ Jodi J. Jaffe
Jodi J. Jaffe, Esq.
E-mail: JJaffe@JaffeGlenn.com
New York Bar No.: JJ8034
**JAFFE GLENN LAW GROUP, P.A.**
66 Willow Ave, Suite 1A
Hoboken, NJ 07037
Telephone: (201) 687-9977
Facsimile: (201) 595-0308
12000 Biscayne Blvd., Suite 305
North Miami, FL 33181
Telephone: (305) 726-0060
Facsimile: (305) 726-0046
*Attorneys for Plaintiffs*